FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N.Y

★ SEP 1 7 2010

P.M.
TIME A.M.

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X

HUGO SALOMON GUZMAN-MOGROVEJO,   :

                    Petitioner,   :

           - against -   :

UNITED STATES OF AMERICA,   :

                    Respondent.   :

---------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

10 Civ. 4123 (BMC)

**COGAN**, District Judge.

This case is before the Court on a letter that petitioner has filed to challenge the computation of his release date from custody, which the Court construes as a petition for habeas corpus relief under 28 U.S.C. § 2241. For the reasons set forth below, the petition is denied.

Petitioner was arrested by the New York City Police Department for driving without a license on October 16, 2009; the processing from that arrest led the police to determine that petitioner had been previously deported. He was transferred to the custody of Immigrations and Customs Enforcement ("ICE") on October 20, 2009. He was then arraigned in this Court on a criminal complaint for illegal reentry pursuant to 8 U.S.C. § 1326(a), § 1326(b)(1), and 18 U.S.C. § 3551 et seq., and detained on that complaint on November 30, 2009. He was subsequently indicted, pled guilty, and I sentenced him to eleven months custody on July 1, 2010.

Based on his arrest date of October 16, 2009 by the NYPD, petitioner complains that the 11 eleven months expires on September 16, 2010 (eleven months after his arrest), but the Bureau of Prisons ("BOP") is instead computing his release date as October 30, 2010.

Under 18 U.S.C. § 3585(b), the BOP has sole authority to determine the credit to which a defendant is entitled for prior custody. Federal regulations permit defendants to seek administrative review of the computation. See 28 C.F.R. §§ 542.10-542.16. Petitioner may not challenge the BOP's computation of his sentence in this Court before exhausting administrative remedies. See United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, (1992) (holding that prisoners may "seek judicial review of these computations after exhausting their administrative remedies.") (internal citations omitted); United States v. Martinez, 19 F. 3d 97, 99 (2d Cir. 1994) (per curiam). Moreover, time spent in ICE custody is considered administrative in nature, and not "official detention" for purposes of 18 U.S.C. § 3585. See, e.g., Alba-Tovar v. United States, 05 Civ. 1899(JO), 2006 WL 2792677, at * 2 (D. Ore. Sept. 22, 2006) (copy attached).

To avoid any further misunderstandings as to the computation of his sentence, petitioner is advised that it seems unlikely that he will be "released" on October 30, 2010. On that day, he will be transferred to ICE pursuant to its detainer, and ICE will continue to hold him pending his deportation. That detention also will not be part of the eleven month sentence that I imposed for his crime.

The petition is therefore denied and the case dismissed. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any request to appeal from this order *in forma pauperis* would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
U.S.D.J.

Dated: Brooklyn, New York
      September 17, 2010